IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WESLEY TURNER,

    Plaintiff,

v.                                                         No. 1:24-cv-00830-KK

REGGIE GARCIA,
PROGRESSIVE CASUALTY INSURANCE COMPANY,
PROGRESSIVE NORTHERN INSURANCE COMPANY,
UNITED SERVICES AUTOMOTIVE ASSOCIATION INSURANCE COMPANY and
USG, MEDICARE PROGRAM,

    Defendants.

## ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint of Negligence, Unlawful Conduct and Resulting Tort, and for Remedies Sought, Doc. 1, filed August 21, 2024 ("Complaint"). This case arises from a "vehicle crash" and the alleged failure of Defendants to compensate Plaintiff for his damages and to timely provide medical treatment. Complaint at 2. Defendant Garcia was the driver of the vehicle that crashed into Plaintiff's vehicle. *See* Complaint at 4. Defendants Progressive Casualty Insurance Company and Progressive Northern Insurance Company are insurers associated with Defendant Garcia. *See* Complaint at 5. Defendant United Services Automotive Association ("USAA") is Plaintiff's insurer. *See* Complaint at 6. Defendant Medicare provided Plaintiff with medical services and treatment. *See* Complaint at 6-7.

Plaintiff previously filed another case, which is currently pending, arising from the same facts giving rise to this case. *See Turner v. Garcia*, No. 24cv-00685-MIS-LF ("*Turner I*"). The amended complaint in *Turner I* is essentially identical to the Complaint in this case, naming the same Defendants and seeking essentially the same relief. *See* Amended Complaint of Negligence,

Unlawful Conduct and Resulting Tort, and for Remedies Sought, Doc. 8, filed July 30, 2024, in *Turner I*.

"District courts have discretion to control their dockets by dismissing duplicative cases." *Katz v. Gerardi*, 655 F.3d 1212, 1217-18 (10th Cir. 2011) (citing *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976) ("As between federal district courts ... though no precise rule has evolved, the general principle is to avoid duplicative litigation.")). "District courts are accorded a great deal of latitude and discretion in determining whether one action is duplicative of another, but generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Park v. TD Ameritrade Trust Co., Inc.*, 461 Fed.Appx. 753, 755 (10th Cir. 2012) (quoting *Serlin v. Arthur Andersen & Co.,* 3 F.3d 221, 223 (7th Cir.1993)).

The Court orders Plaintiff to show cause why the Court should not dismiss this case because it is duplicative of *Turner I*. If Plaintiff asserts the Court should not dismiss this case as duplicative of *Turner I*, Plaintiff's response must clearly indicate any significant differences between the Complaint in this case and the amended complaint in *Turner I*.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss this case.  Failure to timely show cause may result in dismissal of this case.

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**